IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| HEULON L. PERRIN, JR., | Cause No. CV-10-00098-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | RECOMMENDATION AND ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT |
| JOHN KROUSE and BILL COCHRAN, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Heulon L. Perrin, Jr.'s Motion to Proceed in Forma Pauperis (Court Doc. 1) and proposed Complaint. (Court Doc. 2). Perrin is representing himself.

The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. See 28 U.S.C. § 1915(a). But the court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963). "A district court may deny leave to proceed in forma

pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). Perrin's application should be denied because his complaint fails to establish federal subject matter jurisdiction.

Perrin alleges Defendants John Krouse, a desk clerk at the Montana Rescue Mission, and Bill Cochran, a dispatcher at Labor Ready, have harassed him while he was looking for work. He contends Defendants attempted to prevent him from appearing in court by denying him work, and harassed him verbally by stating he "won't work." (Court Doc. 2, p. 5, ¶ IV(A)(2)). He also alleges Defendant Krouse spread malicious gossip around the street and the mission where he worked. He contends Defendant Cochran verbally harassed him when he went to Labor Ready looking for work. Perrin alleges this was done to prevent him from being financially able to pay court costs.

Federal courts, unlike state courts, are courts of limited jurisdiction which can only adjudicate those cases which the United States Constitution or Congress authorize them to adjudicate.

Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Congress has only authorized federal jurisdiction in cases which present a federal question as set forth by 28 U.S.C. § 1331 or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332. A party seeking to invoke federal subject matter jurisdiction has the burden of establishing that jurisdiction exists. Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F. 2d 1280 (9th Cir. 1977).

Perrin's allegations do not state a cause of action arising under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331. There is no indication the named Defendants are persons acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The "color of state law" requirement is a condition precedent to stating a § 1983 claim, and arises from the specific language of § 1983 and the nature of the Fourteenth Amendment itself. The Bill of Rights does not prohibit acts of private persons, Public Utilities Comm'n v. Pollak, 343 U.S. 451, 461-62, 72 S. Ct. 813, 96 L. Ed. 1068 (1952), however discriminatory or wrongful. District of Columbia v. Carter, 409 U.S. 418, 422-23, 93 S.

Ct. 602, 34 L. Ed. 2d 613 (1973).

Moreover, Perrin does not present a federal claim. Perrin may be attempting to state a defamation claim, but defamation is not a federal claim under section 1983. See Paul v. Davis, 424 U.S. 693, 701 (1976). Section 1983 "imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433, 443 (1979). Damage to reputation, standing alone, cannot state a claim for relief under section 1983 because reputation is neither a property interest nor a liberty interest guaranteed against state deprivation without due process of law. Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir. 1986).

Accordingly, Perrin cannot establish federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Perrin has also failed to allege complete diversity of citizenship. The summons attached to the Complaint indicate that Perrin, Krouse, and Cochran all reside in Billings, Montana. (Court Doc. 2-1, pp. 1-4). Thus, the Court lacks subject matter jurisdiction over this matter. This

is not a defect which could be cured by further amendment. Therefore, Perrin's Motion to Proceed in Forma Pauperis should be denied and this matter dismissed for lack of federal subject matter jurisdiction.

Because Perrin is not entitled to a ten-day period to object, this Order will be entered directly upon endorsement. See <u>Minetti v. Port of Seattle</u>, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam).

No motion for reconsideration will be entertained.

Based on the foregoing, the Court **RECOMMENDS** that the following Order be issued by Judge Cebull.

DATED this 12th day of August, 2010.

Carolyn S. Ostby
United States Magistrate Judge

Based upon the above Recommendation by Judge Ostby, the Court issues the following:

## ORDER

1. Perrin's motion to proceed in forma pauperis (Court Doc. 1) is **DENIED** and this matter is **DISMISSED** for lack of subject matter jurisdiction.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 16th day of August, 2010.

                    /s/ Richard F. Cebull
                    RICHARD F. CEBULL
                    United States District Judge